STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
AP-13-14
MMM — KEN 1/1/2014

STEPHEN FAULCON

v.

**ORDER ON RULE 80C APPEAL**

JOSEPH PONTE, et al

## Background

Before the Court is a two-count Complaint and Rule 80C appeal brought by Stephen Faulcon on March 29, 2013. Count I of the Complaint is the 80C appeal; Count II is entitled "Due Process, 14th Amendment, U.S. Constitution." On that same date, Mr. Faulcon through counsel filed a Motion to Specify Course of Proceedings.[1]

Petitioner was at the time of the events that gave rise to this appeal a prisoner at the Maine State Prison (MSP). He was found "guilty" at a disciplinary hearing conducted February 19, 2013 of possession of testosterone, and was disciplined for that violation. He appealed the findings to Deputy Warden Milton Rackliffe who affirmed both the finding of guilt and the recommended discipline on March 5, 2013.

Petitioner does not contest that testosterone is a drug he is prohibited from possessing, or that it was testosterone that was found in a bathroom he was exiting. He is contesting the sufficiency of the evidence on which the disciplinary decision was based,

---

[1] The motion suggests that it was being filed to preserve the option to take evidence once the record was filed. However, no motion regarding the taking of evidence was ever pursued after the record was filed. The Court therefore denies the Motion to Specify the Course of Proceedings. Because Count II was also never pursued or briefed (and Petitioner waived oral argument) the Court hereby dismisses any claims alleged in Count II as having been waived.

1

and also alleges certain procedural violations. The Petitioner is represented by Attorney Andrews Campbell, and Commissioner of Corrections Joseph Ponte and Acting Warden of MSP Rodney Bouffard (hereinafter the State), are represented by Assistant Attorney General Diane Sleek.

## Standard of Review

The Superior Court must affirm the decision of an agency unless it finds an abuse of discretion, or findings unsupported by substantial evidence in the record.[2] *Thacker v. Konover, Dev. Corp.,* 2003 ME 30, ¶14, 818 A.2d 1013 (citation and quotation marks omitted). The petitioner bears the burden of proving that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.,* 661 A.2d 167, 170 (Me. 1995) "Judges must not substitute their judgment for that of the agency merely because the evidence could give rise to more than one result." *Gulick v. Board of Environmental Protection,* 452 A.2d 1202, 1209 (Me. 1982). Rather, the court will defer to administrative conclusions when based on evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*

In doing so, the court must give great deference to an agency's construction of its own rules and regulations "unless the rules or regulations plainly compel a different result." *Rangeley Crossroads Coal v. Land Use Regulation Commission,* 2008 ME 115, ¶10, 955 A.2d 223.

---

[2] Under the statutory iteration, the Superior Court may only reverse or modify an administrative decision if it is: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by bias or error of law; (5) Unsupported by substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion. 5 M.R.S.A. §11007(4)(C).

2

## Discussion

The record indicates that at approximately 3:50 p.m. on Sunday, February 10, 2013 Correction Officer Rick Ashby received a phone call from State Investigator John Scheid stating that he had information that a prisoner, Christopher Pelletier "and some others were on their way to or were in the plumbing shop shooting up drugs and I needed to (sic) to the shop and look." Administrative Record (AR), pg 4.[3]

The report of Officer Ashby indicates that shortly after he received this call from Investigator Scheid he arrived at the plumbing shop but it was locked. He opened the door to it, but no prisoners were inside. He stated in the report that "Prisoner Faulcon, S #3162 came walking out of the bathroom talking back towards the bathroom. I stopped Faulcon and asked him who was in the bathroom. Faulcon stated Chris Pelletier. I walked Faulcon into the bathroom and placed him on the wall." *Id.* pg. 4

Officer Ashby reported that when he entered the bathroom with Faulcon, water was running, and he could smell alcohol swabs. He noted that Inmate Pelletier had his wrist watch in his back pocket but he could see marks on his wrist from the watch. He found an open alcohol swab packet on the ground and in the trash can he found one syringe, two capped needles, one pair of rubber gloves, more packets of alcohol swabs and a vial labeled "Power Trip Test 100" which he indicated was Testosterone Propionate. The vial was full and it was covered by aluminum foil. Later he saw what he believed were needle marks on the "left peck (sic)" of Inmate Pelletier's chest. *Id.* pg. 4. A photograph of what Officer Ashby was taken. *Id.* pg. 8.

---

[3] The record filed by the State was not paginated so the Court has numbered (and initialed) the pages in the record, starting with page 1 being the Certificate of Andrea Aho , to page 21. The Court did not paginate the DOC regulations also filed as part of the record.

3

The matter was referred for disciplinary hearing on February 11, 2013 and Petitioner was provided with a "Letter of Notification of Disciplinary Hearing" on that same date. *Id.* pg.10. Petitioner signed the Letter and opted for a hearing by circling "Option 2" on that form. He did not, however, indicate whether he was waiving his right to a 24-hour notice of the hearing, whether or not he wanted to be represented, [4] or whether he wished to call any witnesses. *Id.* pg. 10.

The Summary and Findings issued by Hearing Officer Blakeley after the hearing state only that its findings were "based on staffs (sic) reports", that the prisoner plead "not guilty". In the section called "The prisoner offered the following information:" is written "prisoner did not admit guilt." *Id.* pg.12. On the second page of that document, it indicates for "recommended disposition" 30 days disciplinary restriction, 30 days loss of good time or deductions, and $100 monetary sanction. It was signed by the Petitioner who indicated on it that he was not waiving his right to appeal. *Id.* pg. 13

On February 19, 2013 Petitioner appealed the finding of guilty and recommended decision to the Chief Administrative Officer and attached to the appeal form a five-page written statement in which Petitioner described his version of what occurred on the date in question, together with what he says occurred before and during the hearing itself. [5]

---

[4] In the blank on the form pertaining to representation the Court would note that someone wrote "Gilbert Dwy." but the word "Gilbert" is crossed out. However, on the Summary and Findings document it suggests that "Gilbert" was "Counsel Substitute Representation.."

[5] The State argues that the Court should ignore all of Petitioner's Appeal narrative because he failed to present any of this information at the hearing. Because there is no way to know whether Petitioner presented this information (or different information) at the hearing the Court will accept the appeal statement as his version of events, but it cannot assume that this was exactly what he told the hearing officer. Unfortunately, the hearing Officer does not indicate clearly what he said at the hearing, saying only that "prisoner did not admit guilt." The Court infers from this that the Petitioner said *something* at the hearing which the Hearing Officer chose to describe as a non-admission.

4

The appeal was denied on March 5, 2013 and the Decision states "After reading all the reports I agree with the findings."

*Sufficiency of Evidence*

After considering everything in the record, along with the standard of review, the Court finds sufficient, competent evidence in the record to support the findings of the hearing officer and the final decision of the Commissioner. As noted above, this Court's standard of review is very deferential and the Law Court has specifically held that courts must defer to the decisions of correctional authorities. *Raynes v. Department of Corrections,* 2010 ME 100.

In addition, the Court considers the following to be competent evidence in the record which supports the findings made. First, Officer Ashby states in his report that he saw the Petitioner exit the bathroom, and that the Petitioner was talking to someone in the bathroom. When he then almost immediately entered the bathroom with the Petitioner he noted facts from which the Hearing Officer could reasonably infer that Officer Ashby had interrupted two persons in the process of trying to use illegal drugs. There were only two prisoners in the immediate vicinity, one was still in the bathroom (Pelletier) and one was just exiting (Petitioner). There were two needles found in the trash, and multiple alcohols swabs. Water was still running. All of this could support an inference that whatever had just occurred or was just about to occur, involved more than one person. Notably, when Petitioner was asked who was in the bathroom he simply responded by saying "Inmate Pelletier." He did not take advantage of an obvious opportunity to indicate that he had just stumbled upon Pelletier acting alone, and was exiting to get away

from the illegal activity. Finally, the Prisoner Discipline Policy of the Department envisions just this situation. It provides that "In the case of a charge for which possession is an element, and more than one prisoner exercises control over an area in which the item was found, a finding of possession by one or more of the prisoners may be based on a determination that there is some evidence that the prisoner or prisoners exercised control over the item." Policy 20.1, Prisoner Discipline, pg. 9.

As noted above, this Court is not allowed to second-guess factual findings of administrative hearing officers, particularly if they are likely the result of credibility determinations. And the Court must also defer to the conclusions of the hearing officer so long as the record evidence is such "that a reasonable mind might accept as adequate to support a conclusion." *Gulick,* 452 A.2d at 1209.

### *Procedural Irregularities*

Finally, the Petitioner as noted above makes certain allegations regarding procedural irregularities. Specifically he challenges the hearing officer's reliance upon the reports of Officer Ashby in lieu of having him present at the hearing, but the Court finds that the hearing officer was allowed to rely upon the reports (see pg. 8 of 20.1 Prisoner Discipline Policey). He also alleges that he was not given all copies of the reports, and that the hearing officer had an ex parte communication with Officer Ashby in the midst of the hearing. There is, however, nothing in the record before the Court to support these last two allegations, and the Petitioner did not move to supplement the record as he may have been able to do under the Rules.

6

The entry will be: As to Count I, the Rule 80C Appeal is DENIED. Count II is dismissed.

_____  
DATE

_____  
SUPERIOR COURT JUSTICE

7

Action: <u>Petition for Review</u>
       80C

**J. Murphy**

Stephen F. Faulcon        vs.        Joseph Ponte, et al.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Andrews B. Campbell, Esq.<br>919 Ridge Road<br>Bowdoinham, ME 04008 | Diane Sleek, AAG<br>6 State House Station<br>Augusta, ME 04333-0006 |

Date of Entry

| | |
|---|---|
| 04/03/13 | Rule 80C Petition for Judicial Review, filed 3/29/3013. s/ Campbell, Esq. |
| 04/03/13 | Application for plaintiff to proceed without payment of fees filed with Affidavit and Certificate. s/ Campbell, Esq. |
| 04/03/13 | Motion to Specify Future Course of Proceedings, filed s/ Campbell, Esq. |
| 04/11/13 | Order MURPHY, J (04/05/13)<br>Filing fee is waived<br>The service costs shall be paid as an expense of administration<br>Copies mailed to petitioner |
| 05/22/13 | Proof of Service on Rodney Bouchard, served (04/26/13, 05/14/13) filed, (05/22/13). s/Campbell, Esq. |
| 06/07/13 | Proof of Service on Joseph Ponte, Commissioner, served (05/21/13) filed, (06/06/13/). s/Campbell, Esq. |
| 06/12/13 | Motion to Dismiss, filed 6/10/13. s/Sleek, AAG |
| 06/13/13 | - Opposition to Motion to Dismiss, filed 6/12/13. s/Campbell, Esq.<br>- Cover letter indicating Petitioner is waiving in forma pauperis status, filed 6/12/13. s/Campbell, Esq.<br>- Filing fee paid. |
| 06/19/13 | Motion to Enlarge Time, filed (6/17/13). s/Sleek, AAG |
| 07/02/13 | Reply to Petitioner's opposition to Motion to Dismiss, filed (07/01/13). s/Sleek. |
| 7/5/13 | ORDER, Murphy, J.<br>Motion to dismiss is DENIED. Per Respondents' reply, the filing fee has been paid, but the service costs have not.<br>The Court hereby VACATES the order of 4/5/13 permitting service costs to be paid as an expense of administration.<br>Petitioner has until 7/29/13 to pay all costs of service, or this matter will be dismissed.<br>Copy to Atty Campbell and AAG Sleek |

8/2/13   Proof of Service on Joseph Ponte, Commissioner, served (07/15/13) filed, (08/01/13/).
          s/Campbell, Esq.

8/2/13   Letter stating that service costs have been paid per order, filed (8/1/13). s/Campbell, Esq.

8/22/13  Certified Record, filed. s/Sleek, AAG

8/22/13  Notice and Briefing Schedule issued. Copies to Atty Campbell and AAG Sleek.

9/20/13  Petitioner's Brief, filed 9/19/13. s/Campbell, Esq.

10/23/13 Respondents' Brief, filed 10/21/13. s/Sleek, AAG

10/25/13 Petitioner's Reply Brief, filed 10/25/13. s/Campbell, Esq.

11/7/13  Letter responding to letter of 10/24/13 enclosed with petitioner's reply brief, filed 11/5/13.
          s/Sleek, AAG

11/8/13  ORDER, Murphy, J.
          Court will take matter under advisement and issue order based on written submissions.
          Copy to Atty Campbell and AAG Sleek.

11/8/13  Letter in response to AAG Sleek's letter filed 11/5/13, filed. s/Campbell, Esq.

12/27/13 Notice of appearance as co-counsel, filed. s/Faulcon, Pro Se

1/3/14   ORDER ON RULE 80C APPEAL, Murphy, J. (1/1/14)
          As to Count I, the Rule 80C Appeal is DENIED. Count II is dismissed.
          Copy to Atty Campbell and AAG Sleek.

1/3/14   Notice of removal of Record sent to AAG Sleek.